# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

STEPHEN C. LEONARD,

    Petitioner,

vs.

JAMES MCKINNEY,

    Respondent.

No. C15-3137-MWB

**ORDER**

---

This matter is before the court on the submission of an application for a writ of habeas corpus (docket no. 1) and application for appointment of counsel (docket no. 2). The clerk's office filed both applications on August 3, 2015. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that, on application for a writ of habeas corpus, the filing fee is $5.00).

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

A federal habeas court cannot disturb a state court ruling based solely on state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Rose v. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas

relief . . . is a determination by the federal court that [the applicant's] custody violates the Constitution, laws, or treaties of the United States."). Here, the petitioner seeks to challenge disciplinary proceedings that resulted in the loss of earned time. More specifically, he asserts that the administrative law judge lacked the authority under Iowa Code Chapter 903A to impose sanctions, such as the forfeiture of earned time, while he was at a residential treatment facility. Because the petitioner is solely contesting whether an administrative law judge can rely on Iowa Code section 903A.3 to order an individual who is on work release to forfeit earned time, relief under 28 U.S.C. § 2254 is not available. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) (reiterating that reexamination of state court determinations on state law questions is not appropriate); *Graves v. Ault*, 614 F.3d 501, 507 (8th Cir. 2010) (determining that authority to reexamine a state law determination by a state court did not exist); *Middleton v. Roper*, 455 F.3d 838, 852 (8th Cir. 2006) (clarifying that it is inappropriate to second-guess a decision of a state court on state law); *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) (emphasizing that review is limited to deciding whether a conviction violates federal law).

Further, the record indicates that an adequate and independent basis bars review of the petitioner's claims under 28 U.S.C. § 2254(d).[1] Specifically, the court is precluded

---

[1] Given the fact that the courts of Iowa relied on Iowa Code section 822.3 to resolve the state post-conviction relief action, the petitioner's procedurally defaulted claim cannot be considered by the court. Stated differently, the court must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis. *See Cagle v. Norris*, 474 F.3d 1090, 1098 (8th Cir. 2007) (determining that review of procedurally barred claim is limited); *Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004) (concluding that district court correctly found that petitioner's claims were procedurally defaulted and barred unless he could show "cause" and "actual prejudice" for the procedural default"); *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (explaining that a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state-law basis, including a state court determination that a claim has been lost because of default); *Murray v. Hvass*, 269 F.3d 896, 898-99 (8th Cir. 2001) (same); *Owsley v. Bowersox*, 234 F.3d 1055, 1058-
(continued…)

from considering the petitioner's claim because the courts of Iowa already determined that the 90-day statute of limitation contained in Iowa Code section 822.3 barred the petitioner from obtaining post-conviction relief. Accordingly, the petitioner's application for a writ of habeas corpus (docket no. 1) shall be denied. Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied. Lastly, there is no basis to appoint counsel in light of the court's review of the petitioner's application for a writ of habeas corpus. Accordingly, the petitioner's application for appointment of counsel (docket no. 2) shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application for a writ of habeas corpus (docket no. 1) is denied.

(2) The clerk's office is directed to enter judgment in favor of the respondent.

(3) A certificate of appealability is denied.

(4) The petitioner's application for appointment of counsel (docket no. 2) is denied.

**DATED** this 17th day of September, 2015.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
59 (8th Cir. 2000) (same); *Burr v. Snider*, 234 F.3d 1052, 1055 (8th Cir. 2000) (same). And, the petitioner fails to show good cause for his failure to timely present his claim in the courts of Iowa or argue that he is actually innocent.